UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Judith Tompson

   v.                                   Civil No. 18-cv-470-LM
                                      Opinion No. 2018 DNH 225

Madhu Gaddam

## **O R D E R**

Judith Tompson, proceeding pro se, filed a complaint against Madhu Gaddam, alleging claims that appear to arise out of the sale of her home. Gaddam moves to dismiss. Tompson objects.

## DISCUSSION

Gaddam moves to dismiss Tompson's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, Gaddam argues that the court lacks subject-matter jurisdiction, both because the complaint does not present a federal question and because all "proper" parties are not diverse.[1] Second, Gaddam argues that, regardless, the complaint does not state a plausible claim for relief.

---

[1] Gaddam's argument as to the lack of diversity of citizenship is based on his assertion that to the extent the complaint states any claims, those claims lie against Madhu Estates, LLC, a New Hampshire company, rather than against him personally.

For purposes of Gaddam's motion, where extrinsic evidence is not an issue, the standard of review under Rule 12(b)(1) and 12(b)(6) is the same.  Cf. U.S. ex rel. Winkelman v. CVS Caremark Corp., 827 F.3d 201, 207 (1st Cir. 2016).  When considering motions under Rules 12(b)(1) and 12(b)(6), the court accepts as true the properly pleaded facts and takes all reasonable inferences from those facts that support the plaintiff's claims.  Mulero-Carrillo v. Roman-Hernandez, 790 F.3d 99, 104 (1st Cir. 2015); New England Patriots Fans v. Nat'l Football League, No. 16-10659-FDS, 2016 WL 3248207, at *2 (D. Mass. June 10, 2016).  Based on the properly pleaded facts, the court determines "whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted."  Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (citations and internal quotation marks omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Because Tompson is proceeding pro se, the court construes her complaint liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

The central problem with Tompson's complaint is that there are insufficient facts to piece together any sort of coherent

narrative.  Tompson lists the address of the real property that is apparently at issue in this case, and states that she is entitled to assert her rights under the Federal and New Hampshire Homestead Acts and is entitled to damages for both intentional and negligent infliction of emotional distress.  See doc. no. 1 at 1.  She also references a sheriff's sale notice not being properly served and attaches certain bankruptcy filings and the sheriff's deed.  The majority of Tompson's complaint cites law related to the Federal Homestead Act.

Other than alleging that diversity jurisdiction exists because Gaddam is a Massachusetts resident, the complaint contains no allegations against him.  Nor do any of the attachments to the complaint mention him.  Put simply, even assuming the truth of—and construing liberally—the few factual allegations in Tompson's complaint, the court is unable to discern any viable claims against Gaddam.

The court, therefore, grants Gaddam's motion to dismiss for failure to state a claim without prejudice to Tompson's ability to file a complaint that sets forth facts sufficient to state a plausible claim against Gaddam.[2]

---

[2] The court offers no opinion concerning Gaddam's argument as to the lack of diversity jurisdiction.  The court notes for the sake of clarity that although Gaddam argues that this court lacks diversity jurisdiction because Madhu Estates, LLC is domiciled in New Hampshire, a limited liability company is deemed to be a citizen of every state of which any of its

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the complaint (doc. no. 4) is granted without prejudice to plaintiff's ability to file an amended complaint setting forth facts sufficient to state a plausible claim against defendant. Tompson has until **December 12, 2018** to file an amended complaint. Failure to file an amended complaint within this time frame will result in dismissal of Tompson's complaint with prejudice.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

November 13, 2018

cc: Judith Tompson, pro se
    Michael J. Scott, Esq.

---

members is a citizen. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 125 (1st Cir. 2011). Further, to the extent Tompson's complaint names Gaddam as a defendant, it is his citizenship that is relevant for diversity jurisdiction. See, e.g., Kilgore v. Providence Place Mall, No. CV 16-135S, 2016 WL 3092990, at *2 (D.R.I. Apr. 1, 2016), report and recommendation adopted, No. CV 16-135 S, 2016 WL 3093450 (D.R.I. June 1, 2016.)

4